# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN LOPEZ,

    Plaintiff,

v.

MAURICE MCGOWAN and N.D.O.C.,

    Defendants.

Case No. 2:09-cv-00160-KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss (#10), to which Plaintiff filed an Opposition (#14).

**I. Facts and Procedural History**

    Plaintiff currently resides at Southern Desert Correctional Center ("SDCC"). On September 18, 2008, Plaintiff swallowed a "joint" in the presence of Maurice McGowan ("McGowan"), a corrections officer at SDCC. Plaintiff alleges that when he did so, he was punched, choked, and pushed by McGowan, all in an effort to retrieve the "joint." Plaintiff filed a Complaint (#8) against McGowan and the Nevada Department of Corrections ("NDOC"). Plaintiff's Complaint brings a claim under 42 U.S.C. § 1983, alleging that his rights under the Fourth, Fifth, and Fourteenth Amendments were violated by Defendants. Defendants filed the present motion to dismiss.

**II. Standard on Motion to Dismiss**

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See id. at 368 n.3 (1988).

**III. Analysis**

**A. Failure to Exhaust Administrative Remedies**

42 U.S.C.S. § 1997e(a) requires that a prisoner exhaust all available administrative remedies before filing a §1983 claim with respect to prison conditions. This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (U.S. 2002). "Proper exhaustion demands compliance with an agency's procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. See Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must be exhausted[.]" Porter, 534 U.S. at 524. "[Proper exhaustion] means...a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

The NDOC uses a three-tiered grievance and review system for prisoner complaints. The first step in NDOC's administrative review process is a grievance. To date, Plaintiff has not yet filed a grievance about the alleged incident. The record demonstrates that Plaintiff understands how to

make a grievance, as evidenced by his grievances about needed contact lenses, the prison's phone call restrictions, and prison mail policies. Although Plaintiff's complaint refers to a grievance about a disciplinary hearing (#20062795870) regarding the September 12, 2008 incident, he fails to establish that he ever filed a grievance about the incident alleged in his Complaint. Plaintiff must, under §1997e(a), exhaust his administrative remedies before filing a § 1983 claim. Because he did not appropriately grieve the September 12, 2008 incident, his Complaint must be dismissed.

### B. Eleventh Amendment Immunity

The Eleventh Amendment bars the Court from hearing claims against non-consenting states and state agencies. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 14 1114, 1122, 134 L.Ed.2d 252 (1996); Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991). NDOC has not given consent to Plaintiff's suit, and therefore is immune. Accordingly, Plaintiff's claims against NDOC and McGowan, in his official capacity, are barred by the Eleventh Amendment.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#10) is **GRANTED**.

DATED this 1st day of July, 2010.

_____
Kent J. Dawson
United States District Judge